Morey agt. Safe Deposit Co.

## N. Y. SUPERIOR CORUT.

### EMELINE MOREY agt. THE SAFE DEPOSIT COMPANY OF NEW YORK.

An answer or a defense is not *sham*, merely because the plaintiff has a strong *prima facie* case against the defendant, and especially, where the precise nature of the defense or facts which are intended to establish it, are not disclosed.

In determining that an answer or defense is *false*, not only must the plaintiff have a clear *prima facie* case, but the proof of the falsity of the answer or defense must be clear and decisive, if not overwhelming.

In an action against the defendant for the unlawful *detention* of bonds, the defendant has a right to show that the plaintiff is not the owner of the bonds, and that they are the property of another. The court cannot say, in such case, that the answer of the defendant, which questions the plaintiff's title, and in effect, alleges ownership elsewhere, is false.

Where the court is required to try questions of fact upon *ex parte* affidavits, and is called upon to take the issues from a jury, the evidence must be of the most preponderating nature against the party who is to be deprived of a jury trial.

*Special Term, April,* 1869.

MOTION to strike out answer as sham.

MONELL, J.—The action is in tort for refusing to. deliver to the plaintiff certain United States bonds deposited with the defendant by one Nathaniel Frost, now deceased.

The defendant denies property in the plaintiff. Under such a denial the defendant may show property out of the plaintiff, and in itself, or in a third person. Such proof will defeat the action.

The certificate of deposit with the defendant acknowledges the receipt of the bonds from Nathaniel Frost, "deliverable to himself or to Mrs. Mary Ann Dorr," and I understand from the papers that Mrs. Dorr claims the bonds, either under the certificate, as one of the parties named in it, or

as administratrix of Frost, who it seems was her brother; but the precise nature of Mrs. Dorr's claim, or the facts upon which it arises, other than such as appear upon the certificate of deposit, have not been disclosed on this motion.

The title of the plaintiff, derived from Frost, under an assignment made by him to the plaintiff, accompanied by a delivery of the certificate of deposit, appears to be quite clear, and it is conceded that the defendant has no direct or pecuniary interest in the bonds, and is wholly indifferent as between the rival claimants.

But as the plaintiff has brought an action against the defendant for the unlawful *detention* of the bonds, and as the defendant insists, as I think it has a right to, that the plaintiff is not the owner of the bonds, and claims to be able to show that they are the property of Mary Ann Dorr, I cannot determine that it may not do so. Nor can I, upon the proofs before me, say that the answer of the defendant, which questions the plaintiff's title, and in effect alleges ownership elsewhere, is false. An answer, or a defense is not sham, merely because the plaintiff has a strong *prima facie* case against the defendant, and especially where the precise nature of the defense or facts which are intended to establish it, are not disclosed.

As I have already said, the plaintiff appears *prima facie* to have a pretty clear title to the bonds, but if the defendant can show that such title is invalid, and that Mrs. Dorr is the real owner, it will defeat a recovery.

In determining that an answer or defense is false, not only must the plaintiff have a clear *prima facie* case, but the proof of the falsity of the answer or defense must be clear and decisive, if not overwhelming. There must not be left in the mind a doubt as to its entire untruthfulness. The effect of such a determination is to deprive a party of a trial by jury, and the case presented must therefore be of no doubtful character.

In this case, upon the papers, the plaintiff has done no more than make out a fair *prima facie* cause of action. She has not shown that Mrs. Dorr has no just claim to the bonds, which, although not a party to the action, the plaintiff may have to show before she succeeds in recovering against the defendant.

Nor is it enough to show that the defendant is a mere bailee of the bonds, having no interest in them adverse to the plaintiff, and has set up the defense at the instigation and for the benefit of Mrs. Dorr. Such facts do not establish that Mrs. Dorr is not the owner of the bonds; nor do they establish the falsity of the defendant's answer that the plaintiff is not the owner.

Indeed, I think the motion has been predicated upon the alleged want of good faith in the defendant in refusing to deliver the bonds to the plaintiff and in defending the action, and not upon the invalidity of Mrs. Dorr's claim. For such a reason I cannot judge a defense to be false; nor can I set it aside merely because it may have been interposed in bad faith. Motions of this nature ought not to be entertained, unless the questions involved may be decided without violating any of the rights of parties; and when a court is required to try questions of fact upon *ex parte* affidavits, and is called upon to take the issues from a jury, the evidence must be of the most preponderating nature against the party who is to be deprived of a jury trial.

The motion is denied, with ten dollars costs.